

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-345-CR

MELISSA MARIE ROGERS                                                     APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Melissa Marie Rogers appeals her conviction for driving while intoxicated. In a single point of error, she claims that the trial court erred in denying her motion to suppress. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

Around 2:30 in the morning on March 4, 2006, Arlington Police Sergeant Kelly Velder was on patrol. As he approached the intersection of South Cooper and Green Oaks in Arlington, he heard a car horn blowing repeatedly for up to fifteen seconds at a time. From the left turn lane, he looked over his right shoulder and saw that the noise was coming from a Grand Prix as it came up behind a Chevy Tahoe stopped at the intersection. Appellant, the driver of the Grand Prix, was leaning forward on the steering wheel, screaming, gesticulating wildly, and laying on the horn. When the light changed, Sergeant Velder initiated a traffic stop, and after determining that appellant was intoxicated, arrested her for DWI.

At trial, appellant moved to suppress all evidence obtained after the stop. After a hearing, the motion was denied, and appellant negotiated a plea of no contest. The trial court accepted the plea bargain and ordered appellant to pay a $750 fine and spend thirty-five days in jail.

On appeal, appellant claims that the trial court should have granted her motion to suppress because the stop violated her state and federal constitutional rights.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, giving almost total deference to the trial court's rulings on (1) questions of historical fact, and (2) application-of-law-to-fact

questions that turn on an evaluation of credibility and demeanor.[2] When application-of-law-to-fact questions do not turn on credibility and demeanor, we review the trial court's rulings on those questions de novo.[3]

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.[4]

The Fourth Amendment protects against unreasonable searches and seizures by government officials.[5] A defendant seeking to prevail on a motion to suppress evidence because of an alleged Fourth Amendment violation bears the initial burden of producing evidence rebutting the presumption of proper police conduct.[6] A defendant satisfies this burden by establishing that a search

---

[2] *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[3] *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

[4] *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

[5] U.S. CONST. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007).

[6] *Amador*, 221 S.W.3d at 672.

or seizure occurred without a warrant.[7] Once the defendant has made this showing, the burden shifts to the State, which then must establish that the search or seizure was reasonable.[8]

Appellant claims that the stop could not be justified under Sergeant Velder's community care-taking responsibility. But community care-taking is not the sole justification for which an officer may initiate a traffic stop. A temporary investigative detention may be proper under the Fourth Amendment if a person is reasonably suspected of criminal activity.[9] An officer has reasonable suspicion when, based on the totality of the circumstances, he can articulate specific facts that, combined with rational inferences from those facts, would lead an officer to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity.[10] This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists.[11]

---

[7] *Id.*

[8] *Id.* at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

[9] *Terry v. Ohio*, 392 U.S. 1, 21–22, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

[10] *Ford*, 158 S.W.3d at 492–93.

[11] *Id.* at 492.

4

In this case, Sergeant Velder articulated specific facts that, combined with rational inferences from those facts, would lead a reasonable officer to conclude that appellant was committing a traffic offense or disorderly conduct. Section 547.501(c) of the Texas Transportation Code provides that "[a] motor vehicle operator shall use a horn to provide audible warning only when necessary to insure safe operation."[12] Further, a person commits disorderly conduct if he intentionally or knowingly makes unreasonable noise in a public place other than a shooting range.[13] Sergeant Velder testified that appellant was honking her horn repeatedly for up to fifteen seconds at a time at 2:30 in the morning and that she was visibly angry, leaning forward on the steering wheel, screaming, gesticulating wildly, and laying on the horn. Based on this observation, it was reasonable to conclude that appellant's conduct was disorderly and that she was using her horn not to insure safe operation but solely to express anger. Therefore, the trial court did not abuse its discretion by finding that the officer had reasonable suspicion to stop appellant for a traffic offense or disorderly conduct.

---

[12] TEX. TRANSP. CODE ANN. § 547.501(c) (Vernon 1999). Performing a prohibited act or failing to perform a required act is an offense under the transportation code. *See id.* § 542.301(a).

[13] TEX. PENAL CODE ANN. § 42.01(a)(5) (Vernon Supp. 2008). Streets and highways are public places. *Id*. § 1.07(a)(40).

We hold that a temporary investigative detention was reasonable under the circumstances and, therefore, did not offend appellant's constitutional rights. Accordingly, we overrule appellant's sole point of error and affirm the trial court's ruling.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 14, 2008