### The STATE of Texas

v.

### Cory A. STEVENS, Appellee.

No. PD–0226–06.

Court of Criminal Appeals of Texas.

Oct. 3, 2007.

Robert T. Price, Angleton, for Cory A. Stevens.

Matthew Paul, State's Attorney, Austin, for the State.

WOMACK, J., delivered the opinion for a unanimous Court.

The appellee was arrested for driving while intoxicated ("DWI") while he was on deferred-adjudication community supervision for involuntary manslaughter. The State filed a motion to adjudicate guilt. The trial court in the DWI case granted a motion to suppress all evidence collected during the appellee's arrest, and that case

was dismissed. Subsequently, the trial court hearing the motion to adjudicate guilt also granted a motion to suppress all evidence of the DWI offense based on collateral estoppel. The State appealed, and the Court of Appeals affirmed.[1] We reviewed this case to determine whether the Court of Appeals applied the appropriate standard of review.[2] Because the Court did not, we reverse and remand.

In 1995, the appellee pleaded no contest to involuntary manslaughter in Brazoria County and was placed on 10 years deferred-adjudication community supervision. In June 2003, the appellee was arrested in Tom Green County for DWI. As a result of this violation,[3] the Brazoria County District Attorney's office filed a motion to adjudicate guilt on the involuntary-manslaughter offense in September 2003.[4]

In January 2004, the appellee filed a motion to suppress evidence in the Tom Green County DWI case, questioning the validity of the initial stop of the appellee's vehicle. At a pretrial hearing, both the State and defense presented evidence. Among the State's witnesses was Sergeant Jeff Fant of the San Angelo Police Department. Officer Fant testified that he was dispatched to a "suspicious subject" call at Rio Vista School in the early morning of June 12, 2003. A few blocks from the school, Fant observed the appellee's large, four-wheel-drive vehicle parked sideways, at an angle to the road, in a ditch. Believing it could be the suspicious subject of the call or a stranded motorist, Fant approached the appellee's vehicle. As he approached, the vehicle "took off at a high rate of speed, jumped off the curb, spun the tires,"[5] and drove away. In so doing, the appellee violated several traffic laws, including a city ordinance against spinning tires, or "exhibition of acceleration." Fant activated his overhead lights, followed the appellee, and stopped the appellee's vehicle.

The Tom Green County Court at Law granted the appellee's motion to suppress. Although the Court confirmed that "the question before me is … was the officer within the law in stopping this vehicle,"[6] the Court made no express findings of fact or conclusions of law. The State subsequently dismissed the DWI case.

In September 2004, based on the findings of the Tom Green County Court at Law, the appellee filed a motion to suppress[7] all of the evidence from the DWI arrest in response to the State's motion to adjudicate guilt in Brazoria County. The Brazoria County trial court, following two pretrial hearings, granted the motion to suppress. The judge determined collateral estoppel precluded an independent re-

1. *State v. Stevens,* 187 S.W.3d 565 (Tex.App.-Houston [14th Dist.] 2006).

2. We granted review on the specific question: Is an appellate court required to defer to a trial court's erroneous legal ruling where that ruling does not involve any explicit or implicit factual findings or credibility determinations?

3. One of the terms of the appellee's deferred-adjudication community supervision required that he: "Commit no offense against the laws of this State or any other State of the United States or of any government entity."

4. The motion also cited the appellee's failure to report to the supervision officer during March and December of 2000. This violation is not at issue here.

5. State's Exhibit 1 (hereinafter, SX–1), at 10.

6. SX–1, at 27.

7. Although the appellee's motion requested that the court "Suppress the State's Motion to Adjudicate," the appellee's prayer for relief makes it clear that this was actually a motion to suppress evidence obtained during the appellee's arrest.

view of the evidence regarding the validity of the initial stop in the DWI case. He stated on the record:

> Being quite specific and quite narrow, all my ruling does is it shows that all the facts were considered by the Court and pretty clear on the record that all the facts were considered concerning whether or not there was reasonable suspicion to stop and—or probable cause.... It was the ultimate issue of fact in the case.[8]

In its suppression order, the Court found the following:

> [T]hat the Court of Tom Green County made its finding that the stop and arrest of Defendant was without reasonable and/or probable cause, and therefore that all facts regarding the unlawful DWI arrest and detention of defendant, Cory A. Stevens, have been decided by the County Court of Tom Green County, Texas were fully adjudicated as to factual findings resulting in Defendant's arrest, and were adjudicated in favor of Defendant, and thus, under the doctrine of collateral estoppel and in accordance with *Guajardo v. State* [109 S.W.3d 456 (Tex.Cr.App.2003)] the Motion to Suppress all evidence from Tom Green County should be GRANTED.

The State appealed, claiming the Brazoria County trial court erred in applying collateral estoppel and granting the appellee's motion to suppress. The Court of Appeals for the Fourteenth District, although acknowledging the collateral estoppel ruling to be "questionable," affirmed.[9]

 The Court of Appeals found that the suppression motion in the Tom Green County DWI case was granted due to a lack of reasonable suspicion to stop the appellee. The Court presumed that decision to have been based on a credibility determination, which is afforded "almost total deference" by reviewing courts. The Court then extended this same level of deference to the Brazoria County Court, because "that ruling would likewise be correct under a theory of law that is applicable to the case and supported by the record, even if it was not a ground presented to, or relied upon, by the trial court."[10]

We disagree with the Court of Appeals' application of the same standard of review to both the Tom Green County and Brazoria County cases. Although an "almost total deference" standard would be appropriate in the Tom Green County DWI case, because that court heard witness testimony and was in a position to make credibility determinations, the decision of the Tom Green County court is not under review here. The sole ruling under review is that of the Brazoria County court. As such, the appropriate standard of review should be based solely on the circumstances surrounding that decision.

The Brazoria County judge held two pretrial hearings, after the first of which he reviewed the entire record of the Tom Green County proceeding. He heard no witness testimony, only arguments of counsel. He made no credibility determinations or determinations of historical facts. The Brazoria County judge stated explicitly that his granting of the motion to suppress was based on the doctrine of collateral estoppel.

 Courts reviewing a ruling on a motion to suppress afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the determination is based

---

8. Reporter's Record, Vol. 3: 10–11.

9. *Stevens,* at 567.

10. *Id.,* at 567–68.

on an evaluation of credibility and demeanor.[11] The same level of deference is granted to mixed questions of law and fact, or "application of law to fact questions," where the resolution likewise turns on an evaluation of credibility and demeanor.[12] Appellate courts review *de novo* applications of law to facts that do not involve determinations of credibility and demeanor.[13] A decision to apply collateral estoppel is a question of law, applied to the facts, for which *de novo* review is appropriate.

■ Although the Court of Appeals was correct in stating that a reviewing court may affirm a trial court's decision if it is correct on any theory of law applicable to the case and supported by the record, no other theory of law applies to this case. The record from Brazoria County demonstrates that the hearings centered entirely on the question of whether collateral estoppel precluded the presentation of evidence regarding the validity of stopping the appellee in Tom Green County. The record supports no other theory. An examination of the record of the Tom Green County hearing, although essential in determining whether collateral estoppel applies, has no bearing on this particular question.

■ We should not be understood to be saying that all collateral estoppel questions are legal questions. The doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future

lawsuit."[14] Any analysis of whether the doctrine applies will necessarily involve a thorough examination of the record of the first proceeding "to determine whether a rational factfinder could have grounded its decision on a fact other than the specific fact that the party now claims has been resolved in his favor. Collateral estoppel deals *only* with specific factual determinations, not legal claims or legal conclusions."[15]

*Conclusion*

In short, the Court of Appeals erred in applying a deferential standard to the Brazoria County trial court's ruling. A *de novo* review of the trial court's decision to apply collateral estoppel is appropriate. We will reverse and remand to the Court of Appeals for reconsideration.

COCHRAN, J., filed a concurring opinion, in which KEASLER and HERVEY, JJ., joined.

COCHRAN, J., filed a concurring opinion, in which KEASLER and HERVEY, JJ., joined.

I agree with the majority opinion as far as it goes. But it might appear to be based upon the premise that the doctrine of collateral estoppel applies to a finding of probable cause on a pretrial motion to suppress evidence. That is a premise that I do not necessarily accept. And it is a threshold issue that this Court specifically declined to answer in *Guajardo v. State*,[1] although the State had raised the question

11. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Cr.App.1997).

12. *Ibid.*

13. *Ibid.*

14. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

15. *Guajardo*, 109 S.W.3d, at 460 (emphasis in original).

1. 109 S.W.3d 456 (Tex.Crim.App.2003).

in its petition for discretionary review.[2] Four members of this Court stated or suggested, in *Guajardo*, that collateral estoppel does not apply to pretrial rulings made in a motion to suppress evidence.[3] Justice Fowler, in her dissenting opinion in this case, noted these concurring opinions as well as two court of appeals's decisions which had held that collateral estoppel does not apply in this context.[4] Even the majority opinion in the court of appeals stated that the "collateral estoppel ruling by the trial court is questionable," and noted that "[i]n addition to other considerations, such as that the suppression ruling in the DWI case was not a final judgment on the merits and that jeopardy had not attached in that case, that ruling did not reflect a finding of any particular fact."[5]

Although the court of appeals is certainly free to decide the present case on narrower grounds than the question of whether collateral estoppel applies to a finding of probable cause on a pretrial ruling on a motion to suppress, I do not read the Court's opinion as holding (or even suggesting) that collateral estoppel does, in fact, apply to such pretrial rulings.

With this caveat, I join the Court's opinion.

**2.** *Id.* at 457, n. 1. In *Guajardo*, we granted the State's six grounds for review, but, because the case could be resolved based solely on the first ground—a defendant may not obtain appellate review of his collateral estoppel claim, when the trial court rejected that claim, if he fails to introduce a record of the first proceeding in the second proceeding and to include that record on appeal—we dismissed the State's other grounds as unnecessary to the disposition of the case. *Id.* at 459. Grounds three through five in *Guajardo* directly posed the question of whether collateral estoppel applies to a pretrial suppression ruling:

3) Is a pretrial ruling on reasonable suspicion to stop, or probable cause to arrest, a ruling regarding an ultimate fact, or merely, as other courts have held, a ruling on the admissibility of evidence which cannot serve as the basis of a collateral estoppel bar to relitigation of that issue in another court on another case?

4) Does jeopardy attach in a pretrial hearing on a motion to suppress and is a pretrial ruling on reasonable suspicion to stop, or probable cause to arrest, on a case that is subsequently dismissed, a final judgment, or merely, as other courts have held, a ruling on the admissibility of evidence which cannot serve as the basis of a collateral estoppel bar to relitigation of that issue in another court on another case?

5) Is there a due process basis, independent of the double jeopardy clause, for application of collateral estoppel, and if so, does it apply where the first proceeding did not end in a final judgment?
*Id.* at 457, n. 1.

**3.** *Id.* at 463 (Meyers, J., concurring) ("Because dismissal before jeopardy attaches does not qualify as a 'final disposition' of any factual question, collateral estoppel is not applicable."); *Id.* at 467 (Hervey, J., joined by Keasler, J., concurring) ("An evidentiary ruling on a motion to suppress is not a ruling on an issue of ultimate fact or law in the cocaine case. This evidentiary ruling also is not a final judgment.") (citation omitted); and *id* at 469 (Hervey, J., joined by Keller, P.J., and Keasler, J., concurring) ("I would hold that collateral estoppel principles do not apply to criminal cases beyond *Ashe's* double jeopardy context.").

**4.** *State v. Stevens*, 187 S.W.3d 565, 569 (Tex. App.-Houston [14th Dist.] 2006) (Fowler, J., dissenting) (citing *State v. Rodriguez*, 11 S.W.3d 314 (Tex.App.-Eastland 1999, no pet.); *State v. Henry*, 25 S.W.3d 260 (Tex.App.-San Antonio 2000, no pet.)).

**5.** *Id.* at 567 & n. 4.