NO. 07-11-0248-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 14, 2012

 DIMAS MORENO,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2010-426,193; HONORABLE JOHN J. "TREY" McCLENDON, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Appellant Dimas Moreno was convicted after a guilty plea of
possession with intent to deliver cocaine in an amount between two hundred
and four hundred grams. The sole issue on appeal is whether probable cause
to search appellant's residence was established by an affidavit executed in
support of a search warrant. We affirm the judgment.
 We review the trial court's ruling on a motion to suppress under the
standard discussed in State v. Stevens, 235 S.W.3d 736, 739-40 (Tex. Crim.
App. 2007) and Ford v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).
Our review of the magistrate's determination of probable cause is
constrained to the four corners of the affidavit. Hankins v. State, 132
S.W.3d 380, 388 (Tex. Crim. App. 2004). Moreover, we will uphold the
magistrate's determination so long as the affidavit provides sufficient
information to have allowed the magistrate to make a practical, common
sense decision that, under the totality of the circumstances, there was a
fair probability that evidence of a crime would be found in a particular
place, Carillo v. State, 98 S.W.3d 789, 791 (Tex. App.-Amarillo 2003, pet.
ref'd), and considerable deference must be given to the trial court's
decision. Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

 In the affidavit, Officer Misti Snodgrass averred that 1) within the
past seventy-two hours, a confidential informant made a controlled purchase
of crack cocaine from the residence sought to be searched, 2) the
confidential informant is able to recognize crack cocaine, has provided
information to police in the past, and has been proven to be credible and
reliable, 3) the confidential informant was searched prior to and after the
controlled buy, 4) constant surveillance was maintained on the confidential
informant, 5) the confidential informant made contact with another unnamed
participant to purchase the cocaine and the other participant went to the
residence in question to pick up the cocaine, 6) the participant was
observed by police going to the residence, entering it for a few minutes,
returning to the confidential informant, and handing a substance to the
informant, 7) the participant did not stop at any other location and was
under constant visual surveillance, 8) police took custody of the substance
from the confidential informant, and 9) the substance field tested positive
for cocaine. Appellant challenges the fact that an unidentified
participant was used and no attempt was made to establish the reliability
of that person. Moreover, no attempt was made to establish appellant's
connection to the house other than through this unnamed participant.
 Under almost identical facts involving the use of an unidentified
participant, this court has previously found probable cause to believe that
evidence of a crime would be found at the house where the drugs were
purchased. Bibbs v. State, No. 07-11-00064-CR, 2011 Tex. App. Lexis 7552,
at *7-9 (Tex. App.-Amarillo September 15, 2011, no pet.) (not designated
for publication). That decision was based on a logical inference that the
unidentified participant went to the house to pick up cocaine. Id. at *9.
Moreover, the probable cause here is not based so much on statements of the
unidentified participant but upon police observations of the confidential
informant and the unidentified participant both before and after the
alleged purchase. Because that is so, we find no abuse of discretion on
the part of the trial court in denying the motion to suppress.
 Accordingly, the judgment is affirmed.

 Per Curiam
Do not publish.