NO. 07-11-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 14, 2012

---

DIMAS MORENO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

---

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-426,193; HONORABLE JOHN J. "TREY" McCLENDON, PRESIDING

---

*Memorandum Opinion*

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Dimas Moreno was convicted after a guilty plea of possession with intent to deliver cocaine in an amount between two hundred and four hundred grams. The sole issue on appeal is whether probable cause to search appellant's residence was established by an affidavit executed in support of a search warrant. We affirm the judgment.

We review the trial court's ruling on a motion to suppress under the standard discussed in *State v. Stevens,* 235 S.W.3d 736, 739-40 (Tex. Crim. App. 2007) and

*Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Our review of the magistrate's determination of probable cause is constrained to the four corners of the affidavit. *Hankins v. State,* 132 S.W.3d 380, 388 (Tex. Crim. App. 2004). Moreover, we will uphold the magistrate's determination so long as the affidavit provides sufficient information to have allowed the magistrate to make a practical, common sense decision that, under the totality of the circumstances, there was a fair probability that evidence of a crime would be found in a particular place, *Carillo v. State,* 98 S.W.3d 789, 791 (Tex. App.–Amarillo 2003, pet. ref'd), and considerable deference must be given to the trial court's decision. *Swearingen v. State,* 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

In the affidavit, Officer Misti Snodgrass averred that 1) within the past seventy-two hours, a confidential informant made a controlled purchase of crack cocaine from the residence sought to be searched, 2) the confidential informant is able to recognize crack cocaine, has provided information to police in the past, and has been proven to be credible and reliable, 3) the confidential informant was searched prior to and after the controlled buy, 4) constant surveillance was maintained on the confidential informant, 5) the confidential informant made contact with another unnamed participant to purchase the cocaine and the other participant went to the residence in question to pick up the cocaine, 6) the participant was observed by police going to the residence, entering it for a few minutes, returning to the confidential informant, and handing a substance to the informant, 7) the participant did not stop at any other location and was under constant visual surveillance, 8) police took custody of the substance from the confidential informant, and 9) the substance field tested positive for cocaine. Appellant challenges the fact that an unidentified participant was used and no attempt was made to establish

2

the reliability of that person. Moreover, no attempt was made to establish appellant's connection to the house other than through this unnamed participant.

Under almost identical facts involving the use of an unidentified participant, this court has previously found probable cause to believe that evidence of a crime would be found at the house where the drugs were purchased. *Bibbs v. State,* No. 07-11-00064-CR, 2011 Tex. App. LEXIS 7552, at *7-9 (Tex. App.–Amarillo September 15, 2011, no pet.) (not designated for publication). That decision was based on a logical inference that the unidentified participant went to the house to pick up cocaine. *Id.* at *9. Moreover, the probable cause here is not based so much on statements of the unidentified participant but upon police observations of the confidential informant and the unidentified participant both before and after the alleged purchase. Because that is so, we find no abuse of discretion on the part of the trial court in denying the motion to suppress.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.