

# NUMBER 13-12-00655-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**EUN CHAE,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the County Criminal Court No. 2
### of Denton County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Eun Chae challenges her conviction by a jury for driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2011). By three issues, Chae argues that the trial court erred: (1) in admitting the audio recording of a 911 call made by a witness; (2) overruling her motion to suppress the stop of her vehicle and

admission of evidence obtained as a result of the stop; and (3) refusing to submit a charge to the jury under code of criminal procedure article 38.23 regarding the arresting officer's reasonable suspicion to stop her vehicle.  We affirm.

## I.  Background[1]

In the early morning hours of March 24, 2011, City of Carrollton, Texas 911 dispatchers received a call from a motorist claiming that he had observed an unsafe driver on the road.  Chae was stopped by Carrollton Police Officer Justin Cannon, the officer sent by dispatch to investigate the 911 report.  Officer Cannon administered field sobriety tests on Chae and then arrested her.  Chae was charged by complaint and information with driving while intoxicated.  *See id.*  She pleaded not guilty, and her case was tried to a jury.

At trial, the State first presented the testimony of Thomas Michael Reed, the motorist who made the 911 call reporting Chae's driving.  Reed testified that while he was driving home from work around 2 a.m. on March 24, 2011, he noticed that the car ahead of him at a stop light did not move when the light turned green.  Reed attempted to pull around the car, but the car then began to move.  Reed followed the car, and after observing that it was straying out of its lane, he called 911 to report an unsafe driver.[2] Reed testified that he remained on the scene through the traffic stop.  The State admitted the audio recording of Reed's 911 call over objection by Chae's counsel, and the

---

[1] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Caleb Wilson, a passenger in Reed's car, testified to essentially the same facts as Reed.

recording was played for the jury.[3]

Next, Officer Cannon testified. He stated that on the night in question he was dispatched to investigate a report of an unsafe driver. Officer Cannon located the car and began to follow it. While he was following the car, Officer Cannon observed it move from the left to the right lane without using its signal, a traffic violation, after which Officer Cannon activated his flashing emergency lights. Officer Cannon testified that it took the car over a minute to come to a stop after he activated his lights.[4] As Officer Cannon approached the car, the driver's door opened and a purse fell to the ground outside the car. Officer Cannon identified Chae as the driver. He testified that she fumbled in her purse for her driver's license and was unable to locate it. He testified that he also detected a strong odor of alcohol coming from Chae and the car. Officer Cannon then asked Chae to step out of the car. He asked her if she had consumed any alcohol that evening, and Chae stated that she had had three beers. Officer Cannon administered the standard field sobriety tests. When Chae failed those tests, Officer Cannon placed her under arrest.[5]

On cross-examination, Officer Cannon described the video of the incident taken by the equipment in his patrol car.[6] Officer Cannon testified that the video equipment is continually running but not necessarily recording. An officer can initiate the recording by

---

[3] The audio recording is not included in the appellate record.

[4] At this point, counsel for Chae objected to Officer Cannon's testimony as being in violation of the Fourth Amendment to the United States Constitution, Article I, Section 10 of the Texas Constitution, and article 38.23 of the code of criminal procedure. The trial court granted a running objection on these bases.

[5] Carrollton Police Officer Andrew Horn, who assisted in the unsafe driver investigation, testified to essentially the same facts as Officer Cannon.

[6] The video recording is not included in the appellate record.

3

turning on his flashing lights. When the recording is initiated this way, it includes the thirty seconds of footage prior to the lights being activated. Officer Cannon testified that the recording of Chae's traffic stop began when he first saw Chae's car driving toward him. Officer Cannon testified that he turned around to follow Chae, and the video shows Chae committing the traffic violation soon after he came up behind her. The testimony is unclear regarding the exact point at which Officer Cannon turned on his flashing lights.

After the close of evidence and argument by counsel, the jury found Chae guilty of driving while intoxicated. The trial court sentenced Chae to 120 days in county jail, but suspended the sentence and placed Chae on community supervision for a term of 20 months. This appeal followed.

## II. Audio Recording of the 911 Call

By her first issue, Chae argues that the trial court's admission of the audio recording of Reed's 911 call violated the rules of evidence that prohibit the admission of a prior consistent statement of a witness unless such statement is offered to rebut a charge of recent fabrication or improper influence. *See* Tex. R. Evid. 613(c), 801(e)(1)(B).

We review the admission of evidence under an abuse of discretion standard. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007). We will uphold the trial court's ruling on the admissibility of evidence if it is within the zone of reasonable disagreement and correct under any theory of law applicable to the case. *Id.*

The court of criminal appeals has held that 911 calls are generally admissible "at the guilt phase to 'provide a framework within which the particulars of the State's evidence could be developed' even though the evidence 'did not of itself establish any material fact

4

not otherwise proven in the balance of the State's case.'" *Estrada v. State*, 313 S.W.3d 274, 300 (Tex. Crim. App. 2010) (quoting *Webb v. State*, 760 S.W.2d 263, 276 (Tex. Crim. App. 1988)); *see also Oviedo v. State*, No. 02–11–00329–CR, 2012 WL 4010457, at *2 (Tex. App.—Fort Worth Sept. 13, 2012, no pet.) (mem. op., not designated for publication). For this reason, we cannot conclude that the trial court abused its discretion in admitting the audio recording of Reed's 911 call. *See Winegarner*, 235 S.W.3d at 790; *see also Estrada*, 313 S.W.3d at 300. Chae's first issue is overruled.

### III. Reasonable Suspicion to Stop

By her second issue, Chae argues that the trial court erred in denying her in-trial motion to suppress testimony regarding the stop of her car and evidence obtained from that stop. Specifically, Chae contends that, based on Officer Cannon's testimony regarding the video recording of the stop, it is clear that his decision to stop Chae occurred before he observed any traffic violations and was therefore based entirely on Reed's tip, an unnamed informant of unknown reliability. Chae argues that the foregoing did not rise to the level of reasonable suspicion required to justify the stop of Chae's car.

Whether the trial court properly denied a defendant's motion to suppress is reviewed under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). We give almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but apply a de novo standard of review to pure questions of law

5

and mixed questions that do not depend on credibility. *Martinez v. State*, 348 S.W.3d 919, 922–23 (Tex. Crim. App. 2011). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

> Under the Fourth Amendment, a warrantless detention of the person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion. A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. This standard is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. It also looks to the totality of the circumstances . . . . [T]he detaining officer need not be personally aware of every fact that objectively supports a reasonable suspicion to detain; rather, "the cumulative information known to the cooperating officers at the time of the stop is to be considered in determining whether reasonable suspicion exists." A 911 police dispatcher is ordinarily regarded as a "cooperating officer" for purposes of making this determination. Finally, information provided to police from a citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable. In such a scenario, the only question is whether the information that the known citizen-informant provides, viewed through the prism of the detaining officer's particular level of knowledge and experience, objectively supports a reasonable suspicion to believe that criminal activity is afoot.

*Derichsweiler v. State*, 348 S.W.3d 906, 914–15 (Tex. Crim. App. 2011) (internal citations and quotations omitted).

Here, we disagree with Chae's contention that Officer Cannon formed his reasonable suspicion, i.e., observed Chae's traffic violation, after he turned on his flashing lights. It is unclear from the evidence before us exactly when Officer Cannon turned on his lights during his tail of Chae, and considering Officer Cannon's testimony during direct examination that his reason for stopping Chae was her commission of a

6

traffic violation, we defer to the trial court's resolution of the timeline of events. *See Wiede*, 214 S.W.3d at 24–25. In other words, Chae's traffic violation gave Officer Cannon the reasonable suspicion necessary to justify the stop of Chae's car. *See Whren v. United States*, 517 U.S. 806, 817 (1996) (holding that when an officer observes a traffic violation, there are objective circumstances justifying the stop of the car).

Even assuming that Officer Cannon observed the traffic violation after he turned on his flashing lights, the information given to the 911 dispatcher by Reed was imputed to Officer Cannon. And contrary to Chae's assertion that Reed was an unnamed, unreliable informant, the evidence in the record shows that Reed gave his name to the dispatcher and remained on the scene through Chae's arrest, making Reed accountable "for the accuracy and veracity of his report" and thus reliable. In short, even if Officer Cannon's reasonable suspicion was based solely on Reed's report, that was enough to give him specific, articulable facts from which he could conclude that Chae was committing a crime.

In light of the foregoing, the trial court did not err in denying Chae's motion to suppress. Chae's second issue is overruled.

## IV. Article 38.23 Charge

By her third issue, Chae argues that the trial court erred in denying her a jury instruction regarding reasonable suspicion under code of criminal procedure article 38.23. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). Chae argues that the evidence raised a fact issue as to whether Officer Cannon had reasonable suspicion to stop her car.

7

Article 38.23 provides that no illegally-obtained evidence may be admitted in a criminal case and that, if the evidence raises the issue, the jury shall be instructed to disregard the illegally-obtained evidence. *Id.*

> To be entitled to an Article 38.23 jury instruction, three predicates must be met: (1) the evidence heard by the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) the contested factual issue must be material to the lawfulness of the challenged conduct.

*Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

Here, while there was arguably a fact issue over whether Officer Cannon observed Chae's traffic violation before or after he turned on his flashing lights, Chae did not affirmatively contest the 911 audio recording on the grounds that it related to the legality of the stop. And having concluded that Reed's description of Chae's unsafe driving to the 911 dispatcher was sufficient, alone, to create reasonable suspicion, Chae created no fact issue as to the legality of the traffic stop. Thus, the trial court did not err in denying Chae's request for an article 38.23 jury instruction. Chae's third issue is overruled.

## V. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 5th
day of September, 2013.

8