

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00309-CR

**RICHARD AARON BURKETT,**

Appellant

**v.**

**THE STATE OF TEXAS,**

Appellee

_____

### From the County Court at Law No 1
### Brazos County, Texas
### Trial Court No. 12-00002-CRM-CCL1

_____

## MEMORANDUM OPINION

_____

Richard Burkett appeals from a conviction for driving while intoxicated. TEX. PEN. CODE ANN. 49.04(d) (West 2011). Burkett complains that the trial court erred by denying his motion to suppress based on a traffic stop that he argues was not based on reasonable suspicion. Burkett argues that the traffic stop was unlawful because it was based on an alleged violation of the law that was impossible for Burkett to have committed, that being the failure to signal a turn for not less than one hundred feet

from an intersection prior to turning. TEX. TRANSP. CODE ANN. 545.104(b) (West 2011). Because we find that the trial court did not err, we affirm the judgment of the trial court.

*Standard of Review*

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Accordingly, we give almost total deference to the trial court's determination of historical facts if supported by the record. *Ford*, 158 S.W.3d at 493. But we review *de novo* the trial court's application of the law to those facts. *Id*. We give the prevailing party "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

*Relevant Facts*

Burkett testified at the hearing on the motion to suppress that he had parked his vehicle in front of a restaurant facing outward to the street. He departed from that parking space at approximately 2:15 a.m. and turned left. Burkett proceeded to the stop sign at the end of the block, which he testified was 94 feet from his parking spot. At the

stop sign, Burkett sat for approximately 30 seconds, then turned on his turn indicator and turned left.

An officer observed Burkett approach the intersection at some point after Burkett had left his parking spot. The officer did not observe Burkett's vehicle turn from the parking spot. The officer testified that Burkett did not use his turn indicator to signal his turn until he was stopped at the intersection, which was less than 100 feet from the turn as required by the Transportation Code. *See* TEX. TRANSP. CODE ANN. § 545.104(b). Based on Burkett's failure to signal his turn continuously for not less than 100 feet prior to turning, the officer then initiated a traffic stop which led to Burkett's arrest for driving while intoxicated.

*Reasonable Suspicion*

Burkett complains that the officer did not have reasonable suspicion to initiate the traffic stop for failing to indicate for not less than 100 feet prior to turning because there was only 94 feet, not 100 feet, between his starting point and the intersection. Burkett contends that it was impossible for him to comply with the statute and therefore, the officer's initiation of the traffic stop on this basis was improper.

The Fourth Amendment is not a guarantee against all searches and seizures, but only against unreasonable searches and seizures. *United States v. Sharpe*, 470 U.S. 675, 682, 105 S. Ct. 1568, 84 L. Ed. 2d 605 (1985). For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable to be lawful. *Vasquez*, 324 S.W.3d at 919 (*citing*

*Davis v. State*, 947 S.W.2d 240, 243-45 (Tex. Crim. App. 1997)). A traffic stop is reasonable if the police officer was justified in making the stop and his actions during the stop were confined in length and scope to that necessary to fulfill the purpose of the stop. *Id*. (*citing Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004)). In other words, an officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic violation. *Id*. (*citing Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App.1992)). However, there is no requirement that an actual traffic offense be committed, just that the officer reasonably believed that a violation was in progress. *Id.*

"A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). This standard is an objective one that disregards the actual subjective intent or motive of the detaining officer and looks instead to whether there was an objective justification for the detention. *Id.* The determination of reasonable suspicion is made by considering the totality of the circumstances. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005).

The State bears the burden of demonstrating the reasonableness of the traffic stop. *See Goudeau v. State*, 209 S.W.3d 713, 716 (Tex. App.—Houston [14th Dist.] 2006,

no pet.). We must ask whether a person of reasonable caution, looking at the facts available to the officer at the moment of the investigation, would believe that a traffic violation occurred. *Id*.

The officer was able to observe Burkett driving down a street without a turn indicator on within 100 feet of the intersection. The officer did not observe Burkett's starting position and had no way to know from where Burkett had come. While the distance actually traveled by Burkett may be relevant in determining whether or not Burkett was guilty of the offense of failing to signal a turn continuously for not less than 100 feet before turning, this is not the question before us. The State was not required to show that a traffic offense actually was committed, but only that the officer reasonably believed that a violation was in progress or had occurred. *See Madden v. State*, 242 S.W.3d 504, 509 n.7 (Tex. Crim. App. 2007) (noting the pertinent issue is not whether accused was speeding, but whether the officer had a reasonable belief that accused was speeding and providing that police officers may be mistaken about a historical fact such as speeding, as long as that mistake was not unreasonable); *Powell v. State*, 5 S.W.3d 369, 376-77 (Tex. App.—Texarkana 1999, pet. ref'd) (providing that justification of a stop does not necessarily require a showing of an actual violation of traffic when sufficient facts show that the officer reasonably believed a traffic violation was in progress). We find that the officer's belief that Burkett had committed a traffic offense was reasonable when the officer observed Burkett's vehicle with no turn signal on within 100 feet of the

intersection.  Therefore, the trial court did not err by denying Burkett's motion to

suppress evidence.  We overrule Burkett's sole issue.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 17, 2014
Do not publish
[CR25]