

# IN THE
# TENTH COURT OF APPEALS

No. 10-14-00047-CR
No. 10-14-00062-CR
No. 10-14-00063-CR

**JUSTIN TAYLOR RIGGS,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 66th District Court
Hill County, Texas
Trial Court Nos. 37738, M0250-13 and M0251-13**

## MEMORANDUM OPINION

Justin Riggs appeals from convictions for the offenses of possession of a controlled substance, possession of marijuana, and driving with an invalid license. TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b) & 481.121(b)(1) (West 2010); TEX. TRANSP. CODE ANN. § 521.457(a), (f) (West 2013). Riggs complains that the trial court erred by

denying his motion to suppress evidence because there was no reasonable suspicion to initiate a traffic stop on him. Because we find no error, we affirm the judgment of the trial court.

*Background Facts*

The day before the traffic stop in question, an officer with the Hillsboro police department attempted to initiate a traffic stop on Riggs after confirming that Riggs's driver's license was invalid and that he had arrest warrants with the City of Hillsboro. However, Riggs was gone before the officer was able to turn around. The next day, the officer saw Riggs driving the same vehicle and initiated a traffic stop without observing any traffic violations or confirming that Riggs's license was still invalid or that the warrants were still active.

After the officer initiated the traffic stop, she confirmed that Riggs's license was still invalid. The record is unclear as to whether she checked the status of the warrants at that time or not. The officer also observed at that time that Riggs's inspection and registration were expired. Upon approaching the vehicle, the officer smelled a strong odor of marijuana from inside the vehicle when Riggs rolled down his window. Two officers searched the vehicle and found a baggie of marijuana and another of crack cocaine.

Riggs filed a motion to suppress the evidence found as a result of the traffic stop because he contended that the officer did not have reasonable suspicion at the time she

initiated the stop even though she had verified the warrants[1] and the status of his driver's license the previous day.

## *Reasonable Suspicion*

In his sole issue, Riggs complains that the trial court erred by denying his motion to suppress because the officer's failure to observe a traffic violation or to confirm the warrants or status of his driver's license again the day of the actual stop should render the traffic stop unlawful because there was no reasonable suspicion to stop him.

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). Accordingly, we give almost total deference to the trial court's determination of historical facts if supported by the record. *Ford*, 158 S.W.3d at 493. But we review *de novo* the trial court's application of the law to those facts. *Id*. We give the prevailing party "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). We must uphold the trial court's ruling if it is supported by the record and correct under

---

[1] The State did not argue to the trial court that there was an active warrant which justified the traffic stop and does not contend that there was a warrant in its argument to this Court, so we will presume the stop was warrantless.

any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

When a police officer stops a defendant without a warrant, the State has the burden of proving the reasonableness of the stop. *Ford*, 158 S.W.3d at 492. A police officer may stop and briefly detain a person for investigative purposes when the officer has reasonable suspicion to believe the person is violating the law. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A police officer has reasonable suspicion to detain if she has specific, articulable facts that, combined with rational inferences from those facts, would lead the officer reasonably to conclude that the person is, has been, or soon will be engaged in criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).

The officer in this case had observed Riggs in the same vehicle the day before the traffic stop in question, but was unable to detain him. At that time she had verified that his driver's license was suspended and that he had active warrants from the City of Hillsboro. When that same officer observed Riggs the next day, she initiated the traffic stop based on her prior knowledge, which was only one day old. The officer had observed Riggs engaging in criminal conduct the day before by driving with an invalid license and it was not unreasonable for her to conclude that Riggs's license was still invalid at the time of the traffic stop. We find that the officer had reasonable suspicion

to initiate the traffic stop of Riggs.  The trial court did not err by denying Riggs's motion to suppress.  Riggs's sole issue is overruled.

*Conclusion*

Having found no error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 7, 2014
Do not publish
[CR25]