**Affirmed and Opinion Filed June 10, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01203-CR

### MARK PATRICK FIBRANZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the County Criminal Court No. 8
### Dallas County, Texas
### Trial Court Cause No. M12-36516

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Mark Patrick Fibranz appeals his conviction for driving while intoxicated. In a single issue, he argues the trial court erred in denying his motion to suppress. We affirm.

### I. Background

Fibranz was pulled over for speeding, failing to use a turn signal, and reckless driving, and was subsequently arrested and charged with driving while intoxicated. He filed a motion to suppress the traffic stop evidence that led to his arrest claiming the traffic stop was made without reasonable suspicion or probable cause.

The trial court conducted a hearing and denied the motion. In so doing, the judge stated, "[T]he violation for which this motion to suppress is being denied is the no-left-turn." Fibranz then pled guilty to DWI, and the trial court set his punishment at one hundred eighty days in jail probated for eighteen months and a $1,000 fine.

## II. Standard of Review

When reviewing the trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes fact findings we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Id.* at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

### Analysis

Fibranz argues the trial court erred in denying the motion to suppress because the evidence shows the officer was not aware of his failure to signal until after the officer initiated the stop.[1] We disagree.

A videotape of the stop was admitted into evidence at the hearing. Officer Gary Fisher testified that he was on his way home at approximately 10:05 p.m. on November 27, 2012. As he approached the intersection of Riverside and Valley View he saw what was later identified as Fibranz's vehicle traveling northbound at a high rate of speed. Officer Fisher tried to catch up to the vehicle. As the vehicle turned into the left lane, Officer Fisher stayed in the right lane and ran the license plate. He "noticed that [the vehicle] was in the left turn lane, no signal . . . ." When Fibranz turned, "he squealed his tires, and it was loud." So he figured he should stop Fibranz just to make sure "he was o.k." and the vehicle was not stolen. Officer Fisher said that he stopped the vehicle because Fibranz was in the left turn lane without a signal and because he

---

[1] The State did not favor us with a brief.

heard Fibranz squeal his tires. Officer Fisher observed that "[m]ost people don't squeal their tires with a police officer sitting next to them." After he stopped Fibranz, he "got some indication that he may have been intoxicated," so he called a DWI officer to the scene. Fibranz's failure to signal while in the left lane before making a left turn is apparent in the video.

Fibranz argues that the officer's statements on the videotape contradict his testimony at the hearing. According to Fibranz, when the officer explains in the video why he pulled Fibranz over, he states that he first heard the tires squeal and **then** observed Fibranz fail to use a turn signal. Since the video demonstrates that Fibranz did use his signal after he squealed the tires, Fibranz claims the officer did not see him fail to use a signal and his testimony at the hearing is not credible.

An officer may lawfully stop and reasonably detain a person for a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *see also Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011) (noting officer must have reasonable suspicion before making traffic stop). The failure to use a turn signal is a traffic violation. TEX. TRANSP. CODE ANN. § 545.104 (West 2011).

Having reviewed the video and the testimony at the hearing, we conclude the trial court did not err in denying the motion to suppress. First, if the officer used the word "then" to describe the sequence of events that led to the stop, it is not audible in the video. The officer states:

> You made that left hand turn over there on the service road, squealing your tires, high rate of speed, drew my attention. Left hand turn and drove all the way into the right lane after entering the center lane, no signal, do you know what I'm saying . . . .

The video shows Fibranz in the left turn lane with no signal. After turning left, he turns into the center lane, signals right, and moves into the right lane to exit.

The officer's testimony is clear; he stopped Fibranz because he failed to signal left and because of the squealing tires. Defense counsel devoted most of the officer's cross-examination to his testimony about speeding, and did not suggest any inconsistencies between the audio portion of the videotape and his testimony at the hearing.

Moreover, even if the officer's testimony and the video statement were inconsistent, the trial court was in the best position to evaluate Officer Fisher's testimony, and could believe or disbelieve any or all of that testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not err in denying the motion to suppress.

We overrule Fibranz's sole issue and affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
141203F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK PATRICK FIBRANZ, Appellant

No. 05-14-01203-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 8, Dallas County, Texas
Trial Court Cause No. M12-36516.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 10, 2015.