

# NUMBER 13-18-00066-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                      Appellant,

v.

PRISCILLA MEDINA,                                                      Appellee.

### On appeal from the 319th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

The trial court granted appellee Priscilla Medina's motion to dismiss on the grounds of collateral estoppel after the court at a prior probation revocation hearing found an aggravated assault allegation to be "not true." The State contends that the trial court erred in granting the motion because collateral estoppel does not bar the State from prosecuting the defendant for the underlying criminal offense notwithstanding a finding by

the trial court during a revocation hearing. We agree and reverse the trial court's decision.

## I. BACKGROUND

Medina was indicted for aggravated assault while on community supervision for a prior offense. *See* TEX. PEN. CODE ANN. § 22.02. Prior to the indictment, the State sought to revoke Medina's probation based on the alleged assault. After a contested hearing, the court found the allegations regarding the aggravated assault to be "not true." *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751.

Medina subsequently filed a motion to dismiss the indictment on the aggravated assault charge on the grounds of collateral estoppel, arguing that the State's burden of proof at a revocation hearing is substantially lower than at trial, thus making it unnecessary to relitigate the issue. The State responded that collateral estoppel generally does not apply to a prior finding in a motion to revoke hearing. The trial court granted Medina's motion and this appeal ensued.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

The law regarding collateral estoppel in criminal cases is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe v. Swenson*, 397 U.S. 436, 445 (1970). "Collateral estoppel" means that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit. *Id*. at 443. The doctrine of collateral estoppel bars relitigation of determinations necessary to the ultimate outcome of a prior

proceeding.  *Bobby v. Bies*, 556 U.S. 825, 829 (2009).  If a judgment does not depend on a given determination, relitigation of that determination is not precluded.  *Id.* at 834.

Appellate courts review de novo applications of law to facts that do not involve determinations of credibility and demeanor.  *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).  A decision to apply collateral estoppel is a question of law applied to the facts, for which de novo review is appropriate.  *Id.*

## B.  Whether Collateral Estoppel is Applicable Following a Finding of "Not True" at a Revocation Hearing

The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  The *Ashe* court ruled that the double jeopardy clause incorporates the doctrine of collateral estoppel.  397 U.S. at 445.  *Ashe* involved a robbery of six men who had been playing poker in a basement.  397 U.S. at 437.  After the defendant had been tried and acquitted for the robbery of one of the victims, the State subsequently tried and convicted him for the robbery of one of the other victims.  *Id.* at 439.  The Court ruled that the doctrine of collateral estoppel barred the second prosecution.  *Id.* at 441.  Because the State failed to meet its burden in the first trial, double jeopardy protected the defendant from having to "run the gauntlet a second time."  *Id.* at 446 (quoting *Green v. United States*, 355 U.S. 184, 190 (1957)).

The distinction between a revocation hearing and a criminal trial is paramount to the application of collateral estoppel in this case because in a revocation hearing, the defendant is not put on trial for the newly alleged offense.  *State v. Waters*, 560 S.W.3d 651, 659 (Tex. Crim. App. 2018).  "In a revocation proceeding, the central question is

3

whether the probationer has violated the terms of her community supervision and whether she remains a good candidate for supervision, rather than being one of guilt or innocence for the new offense." *Id.* "Because there is no possibility of a new conviction and punishment arising from a revocation hearing, jeopardy does not attach for any offense that is alleged as a violation of the terms of community supervision in a revocation hearing, and double jeopardy principles are inapplicable." *Id.* at 658. Consistent with *Waters*, we hold that collateral estoppel is inapplicable in this case because Medina was not placed in jeopardy of being punished twice for the alleged assault.

### III. CONCLUSION

After reviewing the doctrine of collateral estoppel de novo, we conclude that the trial court erred in granting Medina's motion to dismiss on the grounds of collateral estoppel. We reverse and remand this case to the trial court for further proceedings consistent with this opinion.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of June, 2019.