**REVERSED and REMANDED and Opinion Filed December 12, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00726-CR**

**THE STATE OF TEXAS, Appellant**
**V.**
**KIMBERLY HULSE DAVIS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MA2032144**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Nowell, and Justice Smith
Opinion by Justice Smith

The State of Texas appeals the trial court's order granting appellee Kimberly Hulse Davis's pretrial writ of habeas corpus in which she asserted that the State was barred from prosecuting her for deadly conduct under the principles of collateral estoppel and double jeopardy. Because we conclude that the trial court erred in granting the writ on Davis's collateral estoppel ground, we reverse and remand to the trial court for further proceedings consistent with this opinion.

**Factual and Procedural Background**

According to police documents, on June 7, 2020, Davis was driving a 2020 Mercedes GLE 350 at an excessive speed in Highland Park when she lost control of the vehicle and hit seventeen-year-old Cameron Russ who had just parked and exited her vehicle along the curb of a residential street. Davis also hit four other vehicles parked along the curb. Russ was transported to the hospital by ambulance. She suffered abrasions to her lower left leg and decreased sensation in her left foot. Police believed Davis was driving between fifty and seventy-two miles per hour, well in excess of the thirty mile-per-hour posted speed limit. One witness described Davis's vehicle as being airborne prior to the impact. Another witness told police that Davis accelerated at a high rate of speed after turning onto the residential street.

At the scene, police issued Davis a citation for failure to control speed. The complaint alleged that Davis "fail[ed] to control the speed of such motor vehicle as necessary to avoid colliding with another person or vehicle that was on or entering said public street or highway in compliance with law and the duty of each person to use due care." *See* TEX. TRANSP. CODE ANN. § 545.351(b). Davis appeared before the Highland Park Municipal Court on June 18, 2020, pleaded no contest, and agreed to ninety days of deferred disposition.

Meanwhile, Detective Nance investigated the incident further, including obtaining the Airbag Control Module/Event Data Recorder from Davis's Mercedes, and on September 23, 2020, the State charged Davis with committing the Class A

–2–

misdemeanor offense of deadly conduct.  *See* TEX. PENAL CODE ANN. § 22.05(a), (e).  Specifically, the State alleged that, on or about June 7, 2020, Davis recklessly engaged in conduct that placed Russ in imminent danger of serious bodily injury by operating a motor vehicle at an excessive speed in close proximity to one or more pedestrians.

Davis filed a pretrial writ of habeas corpus arguing that she was being unlawfully restrained because the State's prosecution against her for deadly conduct was barred by double jeopardy and its corollary doctrine of collateral estoppel.[1] After a hearing, the trial court granted the writ on the basis that the State was collaterally estopped from prosecuting Davis for deadly conduct and ordered Davis be immediately discharged from further imprisonment or restraint.  The State appealed.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (entitling State to appeal an order dismissing an indictment, information, or complaint); *State v. Young*, 810 S.W.2d 221, 223 (Tex. Crim. App. 1991) (holding "trial court's order granting the applications for writ of habeas corpus 'effectively terminated' the proceedings and therefore it was an appealable order" under article 44.01 even when trial court did not expressly dismiss indictment).

---

[1] Davis cited U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14; art. V, § 8; and TEX. CODE CRIM. PROC. ANN. arts. 1.10, 11.01, 11.05, 11.08, and 11.23 for support.

**Pretrial Writs of Habeas Corpus**

An application for writ of habeas corpus is the vehicle by which a defendant may claim she is being illegally held in custody or under restraint. CRIM. PROC. art. 11.01. A pretrial application in a misdemeanor case is returnable to the county judge of the county in which the misdemeanor is alleged to have been committed. *Id.* art. 11.09. The applicant bears the burden of proving her claim by a preponderance of the evidence. *Diamond v. State*, 613 S.W.3d 536, 545 (Tex. Crim. App. 2020).

We review a habeas court's ruling on a pretrial application for writ of habeas corpus under a bifurcated standard. *Id.* at 544–45. We afford almost total deference to the court's factual findings that are supported by the record, especially when such findings are based on the credibility and demeanor of witnesses. *Id.* We review the application of law to facts, as well as purely legal questions, de novo. *Id.*; *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

**Double Jeopardy and Collateral Estoppel**

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that a defendant cannot be twice put in jeopardy of life or limb for the same offense. U.S. CONST. amends. V, XIV, § 1; *Brown v. Ohio*, 432 U.S. 161, 164 (1977). The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction, and it protects against multiple punishments for the same offense. *Brown*, 432 U.S. at 165.

Collateral estoppel is embodied in the Fifth Amendment's guaranty against double jeopardy. *Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002). While double jeopardy bars offenses from being relitigated, collateral estoppel bars specific issues. *Id.* at 267 n.6. Collateral estoppel "prevents a party who lost a fact issue in the trial of one cause of action from relitigating the same fact issue in *another* cause of action against the same party." *Ex parte Taylor*, 101 S.W.3d 434, 440 (Tex. Crim. App. 2002) (emphasis in original) (citing *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

In her pretrial writ application, Davis alleged two grounds. She argued in her first ground that the "greater than was reasonable and prudent" element of failure to control speed was substantially similar to the "reckless" element of deadly conduct and that, because she pleaded no contest to the offense of failure to control speed, the State was collaterally estopped from prosecuting her for deadly conduct. In her second ground, Davis argued that the State was prohibited from prosecuting her for deadly conduct because the charges arose out of the same incident and, without clear intent from the legislature that the conduct could be separately punished, she could be punished only once.

Although the trial court ruled on Davis's collateral estoppel ground, neither the order granting the writ nor the court's findings of facts and conclusions of law address Davis's broader double jeopardy claim. Thus, while the trial court did hear argument on the double jeopardy claim at the hearing, the record does not show that

the trial court expressly ruled on the underlying merits of ground two in Davis's pretrial writ application. Even the trial court's oral ruling granting the application at the end of the hearing was limited to Davis's collateral estoppel argument. Because the trial court did not rule on Davis's second ground, we decline to review the State's second issue arguing that failure to control speed and deadly conduct are not the same offense and, thus, the State's prosecution for deadly conduct was not barred by double jeopardy. *Cf. Ex parte Blakely*, No. 05-18-00909-CR, 2019 WL 911739, at *3 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op., not designated for publication) ("In reviewing an order denying habeas relief, an intermediate court of appeals only reviews issues that were properly raised in the habeas petition *and addressed* by the trial court.") (emphasis added) (quoting *Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.)).

The State contends in its first issue that collateral estoppel does not apply here because no fact issues in the failure to control speed case were resolved in Davis's favor. We agree.

Whether to apply collateral estoppel is reviewed de novo. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007). "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Taylor*, 101 S.W.3d at 440 (quoting *Ashe*, 397 U.S. at 443). To resolve whether collateral estoppel bars a subsequent prosecution, or bars relitigation of specific facts, we must determine (1)

–6–

what facts were necessarily decided in the first proceeding, and (2) whether those necessarily decided facts constitute an essential element of the alleged offense in the second proceeding. *Id.* We review the entire record, including the charge, pleadings, evidence, and the arguments of the attorneys, to determine the scope of the factual findings. *Id.* at 442. "Generally, . . . the scope of the facts that were actually litigated determines the scope of the factual finding covered by collateral estoppel." *Id.*

The habeas court found, and the parties appear to agree, that Davis successfully completed deferred disposition probation for failure to control speed on September 22, 2020. However, there is no record of her discharge from probation or of the citation's dismissal in the record before us. The habeas court's conclusions of law also included the following:

> 19.     The Court concludes that the "greater than was reasonable and prudent" element of Failure to Control Speed is substantially similar to the "reckless" element of Deadly Conduct. Because Davis pleaded no contest to Failure to Control Speed, which effectively shares an element with Deadly Conduct, the State is collaterally estopped from prosecuting Davis for Deadly Conduct.
>
> . . . .
>
> 22.     . . . . "Greater than was reasonable and prudent" can be described as reckless conduct because it may amount to a conscious disregard [of] a substantial and unjustifiable risk that certain circumstances exist.
>
> . . . .
>
> 26.     The Court concludes that driving at an unsafe speed greater than was reasonable and prudent under the circumstances then existing is also reckless conduct. The factual basis of driving "greater

–7–

than was reasonable and prudent under the circumstances then existing" and reckless conduct has already been adjudicated in [the Highland Park Municipal Court].

. . . .

28. . . . . This Court has examined the record of the prior proceeding, considered the pleadings, evidence, present charge, and other relevant matters, and concludes that the prior proceeding was concluded upon an issue that Davis seeks to foreclose from consideration.

29. Therefore, the State is collaterally estopped from relitigating the issue of recklessness at a later trial because the cases arise from the same facts and: (1) relevant facts—including that Davis acted recklessly—were "necessarily decided" in [the Municipal Court]; and (2) the "necessarily decided" facts form an essential element in the pending trial for Deadly Conduct. . . . . The Court concludes that the State is collaterally estopped from prosecuting Davis for Deadly Conduct.

The habeas court's finding that the municipal court found that Davis acted recklessly is not supported by the record. No facts were litigated or decided in the Highland Park Municipal Court. Davis pleaded no contest, and the court deferred disposition placing Davis on probation for ninety days. Thus, adjudication of any fact was deferred while Davis was on probation. There is no record before us of any hearing in the municipal court or any subsequent proceedings after Davis pleaded no contest and was placed on probation. And, even assuming Davis successfully completed probation and the municipal court dismissed her citation for failure to control speed, the municipal court's dismissal would not have adjudicated any facts. Davis failed to demonstrate that the fact question of whether Davis's driving was at

–8–

an unsafe speed greater than was reasonable and prudent was necessarily decided in the first proceeding and, therefore, collateral estoppel cannot apply. *See Taylor*, 101 S.W.3d at 440.

Because we have concluded that collateral estoppel does not apply, it is unnecessary for us to determine whether a finding that driving at an unsafe speed greater than was reasonable and prudent is also a finding that the driving was reckless. The trial court erred by granting Davis's pretrial application for writ of habeas corpus on the basis that collateral estoppel barred the State from relitigating the reckless element of deadly conduct. We sustain the State's first issue.

## Conclusion

We reverse the trial court's order granting Davis's pretrial writ application as to collateral estoppel. We do not reach Davis's second ground in her application asserting double jeopardy because the habeas court did not rule on that ground below. We remand this cause to the trial court for further proceedings consistent with this opinion.

210726f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b)

/Craig Smith//
CRAIG SMITH
JUSTICE

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-21-00726-CR     V.

KIMBERLY HULSE DAVIS,
Appellee

On Appeal from the County Criminal
Court of Appeals No. 2, Dallas
County, Texas
Trial Court Cause No. MA2032144.
Opinion delivered by Justice Smith.
Chief Justice Burns and Justice
Nowell participating.

      Based on the Court's opinion of this date, the August 13, 2021 order of the trial court granting appellee KIMBERLY HULSE DAVIS'S pretrial application for writ of habeas corpus based on collateral estoppel is **REVERSED** and the cause is **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 12th day of December 2022.