

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00629-CR

Ismael **CRUZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR5658
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  November 19, 2014

AFFIRMED

A jury found appellant, Ismael Cruz, guilty of two counts of sexual assault.  In a single issue on appeal, appellant asserts the trial court erred by denying his motion to suppress.  We affirm.

## BACKGROUND

On May 20, 2012, the complainant, D.A., attended a school dance with her boyfriend, Dimas Cruz.  After leaving the dance, the couple returned to Dimas' house, where Dimas lived with appellant, Dimas's father.  D.A. and Dimas then went to a party at a neighbor's house. D.A.

became intoxicated at the party, and Dimas escorted D.A. back to his room. While D.A. slept, Dimas returned outside to continue a conversation with his neighbor. Shortly thereafter, D.A. awoke in a disorientated state and discovered appellant having vaginal intercourse with her. While D.A. was still disorientated and before she realized what was occurring, appellant flipped D.A. on her stomach and inserted his penis into her anus. At that point, D.A. screamed and ran out of the house to find Dimas. When D.A. told Dimas that appellant had sexually assaulted her, Dimas returned to his house and confronted appellant. During the confrontation, Dimas punched appellant in the face twice, resulting in a concussion and several lacerations to appellant's face.

Appellant was subsequently arrested and transported to the emergency room for treatment of his injuries. He was released from the emergency room and escorted to an examination room where a nurse collected several tissue specimens, including a penile swab. Forensic analysis found that the DNA profile developed from the swab was consistent with the DNA profile of D.A.

Appellant filed a pre-trial motion to suppress the results of the tissue specimens. The trial court held a suppression hearing where it heard testimony from the nurse who performed the examination. At the conclusion of the hearing, the trial court denied appellant's motion to suppress. The trial court did not enter findings of fact or conclusions of law.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Francis v. State*, 428 S.W.3d 850, 855 (Tex. Crim. App. 2014). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). At a suppression hearing, the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).

When reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that rely upon the credibility of a witness. *Id*. We apply a de novo standard of review to questions of pure law and mixed questions that do not rely on the credibility of a witness. *Id*. When, as here, a trial court does not enter findings of fact, "we review the evidence in a light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record." *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).

**DISCUSSION**

In his sole issue on appeal, appellant asserts the trial court erred by denying his motion to suppress the tissue specimens. He contends that because he sustained a concussion during the confrontation with Dimas, the State failed to establish that he voluntarily consented to the search by clear and convincing evidence.

A search conducted without a warrant is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)); *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011). Consent is a well-established exception to the constitutional requirement of a warrant. *Schneckloth*, 412 U.S. at 219; *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). For consent to be valid, it must be given voluntarily, and voluntariness "is a question of fact to be determined from the totality of all the circumstances." *Schneckloth*, 412 U.S. at 227. The State must prove the voluntariness of consent by clear and convincing evidence. *Montanez v. State*, 195 S.W.3d 101, 108 (Tex. Crim. App. 2006).

In this case, the trial court held a suppression hearing where it heard testimony from Casey Ward, the nurse who collected the tissue specimens appellant sought to suppress. Ward testified

that she obtained appellant's written consent prior to obtaining the tissue specimens.[1]  Ward said she explained to appellant, that by signing the form, he gave permission to take the samples and turn them over to the police.  She said appellant was given an opportunity to read the form and ask questions.  Ward testified appellant did not ask any questions and did not hesitate to sign the form.  She said appellant was not coerced or tricked in any way into signing the form and that he signed the form voluntarily.  Ward also testified that appellant walked approximately 300 feet unassisted from the emergency room to the examination room.  During this time, she said appellant seemed to understand what she was saying to him and responded appropriately to her questions and instructions.

On cross-examination, Ward testified she was aware of the lacerations on appellant's face.  She also said that she had previously dealt with people who suffered concussions; however, she was unaware appellant had sustained a concussion at the time he signed the form.  Ward testified that she was also unaware whether appellant had consumed alcohol the night of the sexual assault.  When asked if she thought it would have been helpful to know appellant had sustained a concussion with respect to determining whether appellant voluntarily signed the form, Ward responded:

> [I]n my interactions with [appellant], there was no indication that he had any difficulty understanding what it was that I was asking him. He did not have any confusion. He was cooperative. He knew what we were doing.
>
> If I have a concern as a nurse that my patient is not understanding what I'm saying or what I'm asking him to do or what I'm trying to collect, then I'm not going to proceed with my exam.
>
> I have had patients too intoxicated to consent to an exam and [I] will hold off on those because, again, I can't expect [them] to understand if they're too intoxicated or too injured to give me a full consent. At the point I saw [appellant],

---

[1] The record indicates a consent to search form was presented to the trial court at the time of the suppression hearing. The form was not entered into evidence nor was it included as part of the record on appeal.  Appellant, however, does not dispute that he signed the form.

I was not concerned of his level of consciousness or his ability to understand what I was asking of him.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling, we conclude the evidence supports the trial court's ruling that appellant voluntarily consented to the search. We, therefore, conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. The trial court's judgment is affirmed.

Sandee Bryan Marion, Justice

Do not publish