PD-0573-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/12/2015 3:48:30 PM
Accepted 5/12/2015 4:29:14 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS

**Cliff Douglas Parker, Appellant**
**v.**
**The State of Texas, Appellee**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

FROM THE COURT OF APPEALS

SECOND APPELLATE DISTRICT OF TEXAS

FORT WORTH, TEXAS

NO. 02-14-00044-CR

TARRANT COUNTY
TRIAL COURT NO. 1329800

FILED IN
COURT OF CRIMINAL APPEALS

May 12, 2015

ABEL ACOSTA, CLERK

R. Scott Walker
STATE BAR # 24004972
222 W. Exchange Avenue
Fort Worth, TX 76164
(817) 478-9999
(817) 977-0163 FACSIMILE
Attorney for Appellant

**ORAL ARGUMENT NOT REQUESTED**

1

## IDENTITIES OF PARTIES, TRIAL JUDGE AND COUNSEL

The following is a complete list of all parties, as well as the names and addresses of all counsel.

| | |
|---|---|
| Appellant: | CLIFF DOUGLAS PARKER |
| Trial Judge: | Elizabeth Berry |
| Trial Counsel: | David C. Jones<br>Attorney at Law<br>3001 W. 5th Street,<br>Suite 200<br>Fort Worth, Texas 76107 |
| Appellate Attorney for Appellant: | R. Scott Walker<br>Attorney at Law<br>222 W. Exchange Ave.<br>Fort Worth, Texas 76164 |
| Appellee: | The State of Texas |
| Trial Attorney for Appellee: | D. Miles Brissette &<br>Betty Arvin<br>Tarrant County Assistant District Attorneys<br>401 W. Belknap,<br>Fort Worth, Texas 76196 |
| Appellate Attorney for Appellee: | Sharen Wilson<br>Tarrant County District Attorney<br>401 W. Belknap,<br>Fort Worth, Texas 76196 |

2

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . 2

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . 4

STATEMENT DECLINING ORAL ARGUMENT. . . . . . . . . 5

STATEMENT OF THE CASE . . . . . . . . . . . . . . . 6

STATEMENT OF PROCEDURAL HISTORY OF THE CASE. . . 7

QUESTIONS PRESENTED . . . . . . . . . . . . . . . . 7

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . 8

ARGUMENT (Whether the trial judge erred in denying
Defendant's Motion to suppress the in-car video
and all evidence obtained against the Defendant
as a result of the illegal interrogation depicted
on the video . . . . . . . . . . . . . . . . . . . 8

PRAYER . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . 16

# INDEX OF AUTHORITIES
## CASES

*Dowthitt v. State,*
    931 S.W. 2d 244 (Tex.Crim.App. 1996) . . . . 11

*Garcia v. State,*
    829 S.W.2d 796 (Tex.Crim.App. 1992). . . 14, 15

*Guzman v. State,*
    955 S.W.2d 85 (Tex.Crim.App. 1997). . . . . . 8

*Morgan v. State,*
    688 s.W.2d 504 (Tex.Crim.App. 1985). . . . . . 7

*Nix v. Williams,*
    467 U.S. 431 (1984) . . . . . . . . . . . . . 14

*Rivera v. State,*
    808 S.W.2d 80 (Tex.Crim.App. 1991). . . . . . 8

*Shiflet v. State,*
    S.W.2d 622,629 (Tex.Crim.App. 1985) . . . 9, 11

*Stansbury v. California,*
    511 U.S. 318 (1994). . . . . . . . . . . . . 10

*State v. Daugherty,*
    931 S.W.2d 268 (Tex.Crim.App. 1996) . . . . . 12

## STATUTES

*Texas Code of Criminal Procedure,*
    Art. 44.02 . . . . . . . . . . . . . . . . . . 7

*Texas Code of Criminal Procedure,*
    Art. 38.22 §2 (a). . . . . . . . . . . . . . 10

*Texas Code of Criminal Procedure,*
   Art. 38.22 §5  . . . . . . . . . . . . . . . . . 10

*Texas Code of Criminal Procedure,*
   Art. 38.23. . . . . . . . . . . . . . . . . . . 12

## STATEMENT DECLINING ORAL ARGUMENT

Oral argument of this case is not requested on behalf of Appellant, and is hereby waived.

All references to Texas statutes, rules, etc. are references to the latest edition published by West Publishing Company, unless otherwise indicated.

CLIFF DOUGLAS PARKER, Appellant-Applying for Review

V.

THE STATE OF TEXAS, Appellee

**\*\*\*\*\*\*\*\*\*\*\*\***

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF

TEXAS:

## STATEMENT OF THE CASE

This appeal has resulted from a criminal prosecution for capital murder. A suppression hearing was held that began on the 6th day of January, 2014, and concluded on the 13th day of January, 2014. (R.R., Vol. 3 p.87). The suppression motion was partially granted and partially denied. (R.R., Vol. 3, p. 81-82). On the 14th day of January, 2014, a jury was selected. (R.R., Vol. 4). On the 15th day of January, 2014,

6

after the ruling on the suppression motion, the trial commenced. (R.R., Vol. 5). On the 18th day of January, 2014, the jury found Appellant guilty of the lesser included offense of manslaughter. The next Wednesday, the jury set punishment at imprisonment for life. (R.R., Vol. 8, p.119).

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written non-published memorandum opinion on April 16, 2015. The deadline for filing a Petition for Discretionary Review is May 16, 2015.

## QUESTION PRESENTED FOR REVIEW

The trial judge erred in denying Defendant's Motion to suppress the i- car video and all evidence obtained against the Defendant as a result of the illegal interrogation depicted on the video.

## STANDARD OF REVIEW

The Texas Court of Criminal Appeals set forth the standard of review for a denial of a motion to suppress under an abuse of discretion standard.

7

*Rivera v. State,* 808 S.W.2d 80, 96 (Tex.Crim.App. 1991). The evidence is viewed in the light most favorable to the trial court's findings. Almost total deference is given to findings of fact that have support in the record. However, when a determination of a fact issue cannot be determined by looking to the credibility or demeanor of the witness, the trial court's determination of the law and the application of the law to the facts are reviewed *de novo*. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

## ARGUMENT

The Court of Appeals held that Cliff Parker's statements, which were made while he was in the back seat of a police cruiser in what is commonly referred to as 'the cage,' were admissible because Mr. Parker was free to leave at any time. However, as the opinion states, a person is in custody when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted. *Court of Appeals Opinion*, p. 5.,

8

*Shiflet v. State,* S.W.2d 622,629 (Tex.Crim.App. 1985). Cliff Parker was placed in 'the cage' for one hour and sixteen minutes. The majority of that time, a police officer had the door open, was kneeling in front of the door, and was interrogating Mr. Parker. The officer certainly did not tell Cliff Parker that he could leave. Any reasonable person in that situation would believe that his freedom of movement had been significantly restricted.

The trial judge erred in denying Defendant's Motion to suppress the in-car video and all evidence obtained against the Defendant as a result of the illegal interrogation depicted on the video. The trial judge made it clear that she did believe statements depicted on the video were in response to police interrogation. (R.R. Vol. 3, p. 79). Therefore, her only reason for denying the motion was her belief that Cliff Parker was not in custody while placed in the backseat of a police car with no means of escape for one hour and sixteen minutes. She specifically stated that she was

9

denying the motion to supress the video because Cliff was not in custody at the time of the statement.  (R.R. V. 3, p. 81).

Article 38.22 of the Texas Code of Criminal Procedure provides that no statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless the accused is warned of his rights during the recording but before making the statement, and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning.  Crim. Proc. Art. 38.22, §2(a). Article 38.22 does not preclude admitting statements that do not stem from custodial interrogation.  Crim. Proc. Art. 38.22 § 5.

A person is in custody for purposes of Article 38.22 if there is restraint of freedom of movement to the degree associated with a formal arrest. *Stansbury v. California,* 511 U.S.318, 322 (1994) (per curiam).  As stated earlier, a person is in custody when law enforcement officers create a situation that would lead a reasonable person to

10

believe that his freedom of movement has been significantly restricted. *Court of Appeals Opinion*, p. 5., *Shiflet v. State,* S.W.2d 622,629 (Tex.Crim.App. 1985). The determination of custody is made on an ad hoc basis after considering all of the objective circumstances. *Dowthitt v. State,* 931 S.W.2d 244, 255 (Tex.Crim.App. 1996).

Cliff Parker was placed in a police car for one hour and 16 minutes, believing that he was not free to leave. (R.R. Vol. 3, 78). The doors on the police car do not open from the inside, and there is a plexi-glass wall between the front and back seat. (R.R. V. 5, p. 253 and 255). When any reasonable person is in a situation where it is impossible to leave, that person would certainly not believe he can just walk away at any minute he chooses. Officer Minter patted Cliff down prior to putting him in the car. (R.R. Vol. 5, p. 251). The officer then reached up and pointed the in-car camera toward Cliff Parker. (R.R. Vol. 5, p. 253). Under these circumstances, there was certainly restraint of freedom of movement to the degree

11

associated with a formal arrest.  Cliff Parker was in custody for purposes of 38.22.

## Causation and the Exclusionary Rule

The common law exclusionary rule has been codified in Texas.  The applicable portion of the statute reads:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.  Tex. Code Crim. Proc. Ann. Art. 38.23.

"Once the illegality and its causal connection to the evidence have been established, the evidence must be excluded."  *State v. Daugherty,* 931 S.W.2d 268, 270 (Tex.Crim.App. 1996).  Therefore, all evidence in the instant case obtained due to police illegally interrogating Cliff in the back of the police car without reading Miranda warnings should have been suppressed.

There is a direct causal connection between the illegal interrogation depicted on the in-car video and the subsequent interrogations, one of which contains a partial confession. After talking to officers at the scene which had talked to Cliff while he was in the backseat of the police car, Dectective Boetcher decided to immediately interrogate Cliff at the station (R.R. Vol.6, p. 113). Then, after the custodial interrogation at the police station, the detectives tried to interview Cliff on a daily basis. They could not do so due to the fact that Cliff was in the hospital. After about two weeks, the interrogation took place in which Cliff gave a partial confession. (R.R. V. 6, p. 136). It is likely that the partial confession would have never happened absent the illegal interrogation depicted in the in-car video.

The State would like to argue that even had the officers not interrogated Cliff in the police car, they would have possibly decided to legally interrogate Cliff at some later date and the

13

partial confession would have happened then, bringing about the inevitable discovery of the evidence through legal means, and that the evidence would, therefore, not be subject to the exclusionary rule. However, the Texas Court of Criminal Appeals has foreclosed the fruitfulness of that argument. *Garcia v. State,* 829 S.W.2d 796, 800 (Tex.Crim.App. 1992). Under the federal exclusionary rule, such an argument would prevail. The doctrine is called the inevitable discovery doctrine. The doctrine would require that when evidence has been obtained by illegal means, and the evidence would have been legally obtained had the illegality not occurred, then the evidence is not subject to the exclusionary rule. *Nix v. Williams,* 467 U.S. 431, 444 (1984).

However, the inevitable discovery doctrine is not applicable to the statutory exclusionary rule in Texas. *Garcia v. State,* 829 S.W.2d 796, 800 (Tex.Crim.App. 1992). The holding was based on statutory construction principles. The Court stated, "Because article 38.23 is an enactment of

14

our legislature, it represents the democratic will of Texans, not merely an evidentiary adjustment made by the courts to remedy violations of the law." *Garcia v. State,* 829 S.W.2d 796, 798 (Tex.Crim.App. 1992). The legislature has met several times since the *Garcia* case was decided, and has not amended the statute to include an inevitable discovery exception. Therefore, it can be reasonably inferred that the democratic will of the people is to not allow evidence to be admitted in criminal prosecutions in Texas under the inevitable discovery doctrine, regardless of any possible repugnant effects of such an application of law. All the evidence obtained after the illegal acts of police in the instant case has a direct causal connection to illegal acts of the police and must be excluded as a matter of law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, CLIFF DOUGLAS PARKER, Appellant, prays that this Petition for Discretionary Review be granted; that this case be submitted to the Court; that the Court of Appeals

15

decision be reversed and for such other relief for which he shows himself entitled.

Respectfully Submitted,

/s/ R. Scott Walker
By: R. SCOTT WALKER
222 W. Exchange Ave.
Fort Worth, Texas 76164
(817) 478-9999
(817) 977-0163 Fax
Attorney for Appellant

## CERTIFICATE OF SERVICE

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 12th day of May, 2015.

/s/ R. Scott Walker
R. SCOTT WALKER

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 2400 words, and that the document is in 14 point type.

/s/ R. Scott Walker
R. SCOTT WALKER

# APPENDIX



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00044-CR

CLIFF DOUGLAS PARKER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1329800R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Cliff Douglas Parker was charged by indictment with capital murder. The jury convicted him of the lesser included offense of manslaughter and assessed his punishment at life imprisonment. The trial court sentenced him accordingly. In a single issue, Appellant contends that the trial court reversibly erred by denying his motion to suppress his interview with a lieutenant of the fire

---

[1]*See* Tex. R. App. P. 47.4.

department and all evidence stemming from the interview. Because the trial court did not err in denying Appellant's motion to suppress, we affirm the trial court's judgment.

**Brief Facts**

Officers Lindsey Stewart and Carson Bell were dispatched to a house fire. The officers could see the flames "all the way down the block." They arrived before any other officers or firefighters. When they arrived at the scene, a woman screamed that someone was still inside the burning house. Stewart and Bell ran to the house. They saw Appellant standing on the porch, "nonchalantly" smoking a cigarette. The officers ignored Appellant and kicked the door open. As the officers entered the house, they saw an unconscious woman (Betty Roberts) lying face down on the floor.

As the officers attempted to remove Roberts from the burning house, Appellant came inside and put his hands on Stewart's back, blocking her progress and causing her to drop Roberts. Stewart pushed Appellant and resumed her attempt to remove Roberts from the burning building. Again, Appellant blocked Stewart, causing her to drop Roberts a second time. Out of concern for Bell's, Roberts's, and her own safety, Stewart pushed Appellant as hard as she could. He fell outside onto the porch. The officers were then able to remove Roberts from the house.

Once outside, the officers tried to move Roberts to a safer location. Appellant straddled Roberts and held her against the ground, blocking the

2

officers' efforts. The officers grabbed him by the shoulders and pulled him off of Roberts, and eventually they were able to move Roberts to the yard.

Stewart asked Appellant if anyone else remained in the house. He did not answer. Stewart demanded that Appellant tell her if anybody was still in the house. Finally, Appellant told her that someone was still in the back bedroom.

As the officers prepared to re-enter the house, the fire department arrived. Stewart told them that someone was still in the house. The firemen entered the house and retrieved the second person.

Another officer brought Appellant to Officer James Minter. Because of the chaos of the still-active fire scene, Minter asked Appellant to wait in the back of his police cruiser, and Appellant complied. Minter testified that he did not place Appellant under arrest. He did not handcuff Appellant; he did not tell Appellant that he was under arrest; he did not tell Appellant that he could not leave; and he would have allowed Appellant to leave had Appellant asked to do so.

About twenty-three minutes after Minter directed Appellant to wait in the police cruiser, Lieutenant Steve Larison of the Fort Worth Fire Department interviewed Appellant. In an attempt to learn details that might help his investigation and identify residents of the burning house, Larison talked to Appellant for about twenty minutes. At this point, Larison had yet to determine the cause of the fire. The cruiser's video camera recorded the interview. After more investigation, Appellant was charged with arson.

3

Roberts later died from injuries she suffered during the fire. Appellant was then re-indicted for arson-based capital murder. The trial court determined that Appellant was not in custody when the interview occurred and that the video of the interview was therefore admissible as a matter of law.

**Admissibility of the Statement**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[2] We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor.[3]

Appellant argues that *Miranda* warnings were required because he was subjected to custodial interrogation.[4] Additionally, code of criminal procedure article 38.22 generally precludes the use of statements resulting from custodial interrogation absent compliance with its procedural safeguards.[5]

---

[2]*Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[3]*Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

[4]*See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966).

[5]Tex. Code Crim. Proc. Ann. art. 38.22, § 2 (West Supp. 2014).

As the State points out, the Texas Court of Criminal Appeals has outlined four general situations which may constitute custody: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when a law enforcement officer tells the suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.[6]

The State argues that the questioning of Appellant was not custodial interrogation because, although Appellant was sitting in the back of Minter's police cruiser in what is commonly referred to as "the cage," no one had suggested that he was not free to leave; he was not handcuffed; if he had asked to leave, he would have been allowed to leave; and police and firefighters were trying to protect people and keep them safe in a chaotic, active fire scene. As Judge Cochran has explained in describing the community caretaking function, "[A police officer] is . . . expected to aid individuals who are in danger of physical harm, to assist those who cannot care for themselves, and to provide other services on an emergency basis."[7]

---

[6] *Shiflet v. State*, 732 S.W.2d 622, 629 (Tex. Crim. App. 1985).

[7] *Corbin v. State*, 85 S.W.3d 272, 280 (Tex. Crim. App. 2002) (Cochran, J., concurring) (internal quotation marks and citations omitted).

Twenty-three minutes after Appellant entered the cruiser, Larison opened its back door, knelt in front of the cruiser's open door, and interviewed Appellant as a witness to the fire. Larison inquired about Appellant's description of the events and facts known to him that might lead to additional information about the cause of the blaze and about the identification of the residents of the burning house. At that time, Appellant was not an arson suspect, and, as far as Larison knew, Appellant was free to go when Larison left the interview. Indeed, at the time of the interview, no arson investigation had begun.

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.[8] The trial court's determination that Appellant was not in custody when he made his oral statements to Larison is supported by the record.[9] We therefore hold that the trial court did not err by denying Appellant's motion to suppress, overrule his sole issue, and affirm the trial court's judgment.

---

[8] *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

[9] *See Dowthitt v. State*, 931 S.W.2d 244, 254–56 (Tex. Crim. App. 1996).

                                                    /s/ Lee Ann Dauphinot
                                                    LEE ANN DAUPHINOT
                                                    JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 16, 2015

7



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00044-CR

| | | |
|---|---|---|
| Cliff Douglas Parker | § | From Criminal District Court No. 2 |
| | § | of Tarrant County (1329800R) |
| v. | § | April 16, 2015 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By _/s/ Lee Ann Dauphinot_____
   Justice Lee Ann Dauphinot